GLD-186                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4504
_____

TERRY KUEHNER,
                                        Appellant

v.

*SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
ROBERT TRETINIK; PHYSICIAN ASST. MYER; BRIAN COLEMAN, Warden;
DR. HERBIK; DR. SAAVEDRA

*(Pursuant to Rule 43(c), Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:08-cv-01319)
District Judge:  Honorable David Stewart Cercone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 12, 2011

Before:  AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Filed: May 24, 2011 )

_____

OPINION
_____

PER CURIAM

Terry Kuehner, an inmate at the State Correctional Institution at Mercer in Pennsylvania, appeals pro se from the District Court's decision dismissing his amended complaint against Appellees Dr. Michael Herbik and physician's assistant ("P.A.") Chris Meyer,[1] and entering summary judgment in favor of Appellee Dr. Peter Saavedra. For the reasons that follow, we will summarily affirm.

I.

In October 2008, Kuehner, then incarcerated at Pennsylvania's State Correctional Institution at Fayette ("SCI-Fayette"), commenced this civil rights action in the District Court by filing a complaint pursuant to 42 U.S.C. § 1983. The complaint, brought against then-Secretary of the Pennsylvania Department of Corrections Jeffrey Beard, SCI-Fayette Superintendent Brian Coleman, Corrections Health Care Administrator Robert Tretinik, P.A. Meyer, Dr. Herbik, and "Psy. Dr. Cerrelico," alleged that the defendants had violated Kuehner's constitutional rights by denying him medical treatment while at SCI-Fayette. Kuehner later amended the case caption, replacing "Psy. Dr. Cerrelico" with Dr. Saavedra.

In March 2009, Beard, Coleman, and Tretinik (hereinafter collectively referred to as the "Commonwealth Defendants") jointly moved to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6). The following month, P.A. Meyer and Dr. Herbik jointly moved to dismiss and, in the alternative, sought a more definite statement as to the

_____

[1] P.A. Meyer's last name is spelled "Myer" in Kuehner's complaint and on the District Court and appellate dockets. In this opinion, however, we will use the spelling provided by Meyer's appellate counsel.

claims against them.  In July 2009, Dr. Saavedra joined in those motions.

In November 2009, the United States Magistrate Judge assigned to the case issued a report recommending that the District Court grant both the Commonwealth Defendants' motion to dismiss and the remaining defendants' motion for a more definite statement.  In doing so, the Magistrate Judge concluded that Kuehner's "allegations, construed liberally, do not support a finding that any of the Commonwealth Defendants had any knowledge of, or personal involvement in, the claims alleged in the Complaint," (Magistrate Judge's Report and Recommendation of Nov. 25, 2009, at 6), and that amendment of those allegations would be futile.  On January 6, 2010, the District Court adopted the Magistrate Judge's report, dismissed the claims against the Commonwealth Defendants, and granted the remaining defendants' motion for a more definite statement.

Kuehner subsequently filed a document that was construed as his amended complaint.  (See Dist. Ct. docket no. 73-1).  That filing alleged that, in August 2007, a Pennsylvania Court of Common Pleas judge ordered that he be sent to Norristown State Hospital ("Norristown Hospital") for "competency restoration."  During Kuehner's stay at Norristown Hospital, he was prescribed medications for his mental health condition and a pinched nerve in his back.  Kuehner claimed that, upon returning to SCI-Fayette in February 2008, he was taken off those medications for four days, at which time Dr. Saavedra prescribed a different medication, which made Kuehner feel worse.  Dr. Saavedra allegedly did not wean Kuehner off the medications he had taken at Norristown Hospital or conduct blood testing.  About two weeks after Kuehner returned to SCI-

3

Fayette, P.A. Meyer allegedly refused to treat him when he did not pay the five dollar co-pay fee. During an appointment several months later, Dr. Herbik and Administrator Tretinik allegedly did not examine the pinched nerve in Kuehner's back or prescribe any pain medication for that condition. According to Kuehner, Secretary Beard and Warden Coleman were made aware of these incidents through prison grievances he had filed.

After Kuehner filed his amended complaint, P.A. Meyer and Dr. Herbik jointly moved to dismiss, and Dr. Saavedra moved for summary judgment. In October 2010, the Magistrate Judge issued a report recommending that the District Court grant both motions. In doing so, the Magistrate Judge concluded that Kuehner had procedurally defaulted his claims against P.A. Meyer and Dr. Herbik by failing to properly exhaust his administrative remedies. The Magistrate Judge further concluded that "there is no record evidence that suggests that [Dr. Saavedra] knew that [Kuehner] faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it or that he had any reason to know that [Kuehner] faced any substantial harm." (Magistrate Judge's Report and Recommendation of Oct. 12, 2010, at 19.) On November 17, 2010, the District Court entered an order adopting the Magistrate Judge's report, granting P.A. Meyer's and Dr. Herbik's joint motion to dismiss, and granting summary judgment in favor of Dr. Saavedra. Kuehner now appeals from this most recent order.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to grant a motion to dismiss or a motion for

4

summary judgment. Gallo v. City of Phila., 161 F.3d 217, 221 (3d Cir. 1998).

Having reviewed the District Court record, and for substantially the reasons given by the Magistrate Judge in her October 12, 2010 report, we agree with the District Court's disposition of the claims against P.A. Meyer and Drs. Herbik and Saavedra. To the extent this appeal also challenges the dismissal of Kuehner's claims against the Commonwealth Defendants, we conclude that such a challenge lacks merit.[2] Because this appeal does not present a substantial question, we will summarily affirm the District Court's November 17, 2010 judgment.[3] See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. Kuehner's motion for appointment of counsel is denied.

---

[2] As the Magistrate Judge noted in her October 12, 2010 report, Kuehner procedurally defaulted his claim against Administrator Tretinik. As for Secretary Beard and Warden Coleman, even if Kuehner were permitted to amend his claims against them so as to allege their personal involvement in the incidents at issue here, those claims would still fail. Specifically, his claims relating to the incidents involving P.A. Meyer, Dr. Herbik, and Administrator Tretinik would, as noted above, be procedurally defaulted, and his claims relating to Dr. Saavedra's treatment would lack merit. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (stating that prison officials who are not physicians cannot "be considered deliberately indifferent [under the Eighth Amendment] simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor.").

[3] Kuehner appears to allege that prison officials have retaliated against him for bringing this lawsuit. To the extent he wishes to pursue this claim, he would need to file a new complaint in the District Court. We express no opinion on the merits of such a complaint.